This is an original action in mandamus brought by Raymond Roth, a taxpayer, against the Director of Finance of the city of Cleveland, Ohio, and the Budget Commission of Cuyahoga county.
Relator claims that Louis C. West, as director of finance of the city of Cleveland, and the Budget Commission of Cuyahoga county, Ohio, omitted from their respective certificates of estimated resources for the city of Cleveland for the year 1935 the following amounts, which under the law should be deducted therefrom, namely:
Redemption of Notes issued in anticipation of delinquent taxes ............................ $550,000.00 Housing Relief Warrants .......................... 427,365.28 State Insurance Fund ............................. 75,000.00 State Examiners Office ........................... 25,000.00 Board of Elections Expenses ...................... 162,000.00 Auditors and Treasurers Fees ..................... 40,000.00 Total Amount owing the Division of Power Light for Street Lighting for years 1931, 1932 and 1933 ...................... 1,309,153.55 Unpaid Claims of Miles Heights Village ........... 35,468.20 *Page 120 
Amount owing to Division of Water Heat ......... 11,750.91 Amount owing Cleveland Electric Illuminating Co. for electricity furnished for Street Lighting for 1934 .............................. 57,625.55 Amount owing Cleveland Electric Illuminating Co. for electricity furnished prior to January 1, 1934 ....................................... 124,000.00 Principal and interest owing by City on current revenue note held by the Treasury Investment Account .................... 1,250,000.00
Relator prays that a writ of mandamus issue from this court commanding the Director of Finance of the city and the County Budget Commission to amend their respective certificates by deducting therefrom each and all of the amounts set out in his petition.
Separate answers were filed by the Director of Finance of the city and the Budget Commission, and replies were filed by the relator to each of these answers.
The Director of Finance for his first defense states that on September 17, 1934, the city budget for the year 1935 was adopted by the City Council by Resolution No. 101951, that on that date he furnished his certificate of estimated requirements for the city for the year 1935, that such budget was received by the County Budget Commission, that on or about February 21, 1935, it certified its action to the City Council and that subsequently, on or about February 26, 1935, he furnished the Budget Commission an amended estimate of the city's resources for the year 1935, and on or about March 12, 1935, thereafter, the Budget Commission certified an amended official certificate of the estimated resources of the city of Cleveland for the year 1935; that the Council of the city of Cleveland acted upon such certification, and on April 22, 1935, and prior to the time of the filing of this action, passed as an emergency measure Ordinance No. 102470-A, *Page 121 
being the annual appropriation ordinance for the year 1935, and the same became effective at once; that all certificates made by him relative to the budget in question had been filed with the council and acted upon by it prior to the filing of this action, and that he is without power to amend his certificate or certificates.
For a second defense he admits the existence of the statutory law pleaded in relator's petition, but respondent denies that the County Auditor has made any official estimates of the amount of money to be charged to the city of Cleveland for the state insurance fund, for fees for state examiners, for election expenses, or for fees for the county auditor and county treasurer, or for an amount of money represented by direct housing relief certificates, and he says there are no such estimates on the County Auditor's record; he admits the issuance of notes by the city in anticipation of the collection of delinquent taxes, as claimed by relator, but says none of this indebtedness evidenced by scrip will be paid from any tax included in the 1935 budget.
Payment is pleaded as to the village of Miles Heights item and the lighting claim of the illuminating company for $57,625.55.
He admits the city owes to the Division of Light Power the sum of $1,309,153.55 but he avers that this indebtedness was incurred in 1931, 1932 and 1933 and was certified against estimated revenue anticipated to be received from Cuyahoga county under a contract with the county for caring for the county's indigent, sick, insane and tubercular patients and for treatment of county prisoners, the amount of which in the aggregate exceeds $1,500,000.00.
He admits the item of $11,750.91 due for water, but says it was certified against the anticipated revenue due from the county.
He alleges that none of these items has any proper place in the city's budget for 1935. He says the city owes the illuminating company a balance of $58,972.38 *Page 122 
in unliquidated form; that such amount was a holdover from 1933 and is certified against the revenue due from the county. He admits the illuminating company has other claims but he says they are liquidated and have not been presented for payment.
He admits the order of the Court of Appeals in the case ofPecsok v. Davis et al., wherein the city was directed to pay the sum of $1,250,000.00 held by the Treasury Investment Account, but he says this remains a pending suit in the Supreme Court of Ohio. He admits no provision was made for payment of said sum. He avers it represents no valid indebtedness to the Treasury Investment Account, but represents an aggregate of illegal transfers and use of moneys made in 1933 by former financial officers of the city and has no place in the budget for 1935. [See post, 411 — Reporter.]
He denies that the Budget Commission has certified the estimated resources of the city for general fund purposes for the year 1935 to be $12,369,342.09, but on the contrary says it did certify $13,038,837.84 therefor.
He further avers that in the certificate issued by the Budget Commission on March 12, 1935, there appeared after the tabulation the following statement:
"Amendment. We estimate that only 90% of the general property tax will be collected."
Thereafter the city appealed to the Tax Commission of Ohio, praying that such ninety per cent estimate be deleted from the certificate and the Tax Commission granted the appeal and deleted the ninety per cent estimate, and thereupon the Auditor of Cuyahoga county issued a certificate to the Council of the city of Cleveland certifying that the appropriation passed April 22, 1935, by the City Council, "taken together with all other outstanding appropriations, does not exceed the official estimate of balances and revenues for the fiscal *Page 123 
year beginning January 1st, 1935, as determined by the State Tax Commission of Ohio."
The Budget Commission answered, stating in substance that in those matters in connection with the budget wherein it had a duty to perform, it performed it in accordance with law, and that those matters of which it had no knowledge, or matters in which the city had equal knowledge, it did not concern itself unless the law so required. This answer is similar in most respects to that of the Director of Finance.
Relator replied to each of these answers and he admits payment as pleaded therein and further admits the action of the Tax Commission of Ohio as pleaded in the answers and the filing of a petition in error in the Supreme Court of Ohio in the case of Pecsok v. Davis et al., and denies all affirmative matters contained in the answers not specifically admitted, and as new matter relator states what the city can and what it can not do.
Most of the salient facts were stipulated. This stipulation, together with the exhibits and the testimony of Louis C. West, director of finance of the city of Cleveland, and John A. Zangerle, county auditor of Cuyahoga county, constitute the record of this case.
Since the filing of the petition herein, all scrip issued by the city of Cleveland has been retired, the claims of Miles Heights village have been satisfied and the sum of $57,625.55 due the illuminating company for street lighting for 1934 has been paid. Consequently, these items are out of the picture.
It is properly contended that it is the purpose of our law to require the state and its subdivisions to balance their respective budgets each year and maintain a balanced budget in so far as it is humanly possible. The human possibility limitation is now being put to a severe test.
This is a mandamus action wherein relator asks that this court require the Director of Finance of the city *Page 124 
of Cleveland and the Budget Commission of Cuyahoga county to deduct from their certification of estimated resources — not one — or some — but each and all the items specified in his petition, except such as have become moot by settlement since the filing of the petition.
Practically all courts in Christendom have announced time upon time that mandamus is an extraordinary action; that it is a discretionary writ; that the consequences of its allowance, as well as the right to its allowance, will be considered by the court in the exercise of its sound discretion; the court is not moved to exercise its discretion unless relator moves with alacrity, establishes a clear right to the writ for which he prays, and is without legal or equitable remedy.
It will be noted that the structure for the city budget for 1935 was commenced September 17, 1934, and ended when the City Council passed its appropriation ordinance on April 22, 1935, and the County Auditor under order of the Tax Commission of Ohio certified that the appropriations set forth in the ordinance did not exceed the estimated revenue available for general fund purposes as fixed by the amended certificate required by Section 5625-27, General Code.
Counsel for the Director of Finance claim that the appropriation ordinance having been passed prior to the filing of the petition herein, that expenditures have been certified against it.
We are puzzled to know just how we can require the Director of Finance to amend his certificate when such certificate became the subject of legislation enacted by council prior to the filing of this action.
We are not applying the doctrine of laches in this case, but we are unable to understand why the equitable remedy by injunction was not resorted to at some point in the procedure during the seven-month period of incubation. All the relief that could possibly be granted by the allowance of the writ of mandamus prayed for herein could have as well been secured by *Page 125 
injunction and the 1935 taxation structure for the city of Cleveland would not have been upset.
We will refer to relator's claims in a general way. The so-called mandatory charges, namely, state insurance fund, state examiners expenses, board of election expenses and treasurer's and auditor's fees, were not set up in the certificate complained of under specific headings. Anything like specific amounts could not be arrived at, so say the director and auditor. Further than that, such fact is self-evident. The director says these items are taken care of in the budget under the item of $350,000, and who is there to gainsay it?
The housing relief warrants present an uncertain proposition, and as it is not known and can not be known how many of these warrants will be presented within a given time, no rational estimate can be arrived at.
We are not impressed with the use of the writ of mandamus to force settlement of claims by a litigant taxpayer when the debtors are raising no question concerning their claims. It certainly was not improper for the Director of Finance to disregard the amount represented by the general revenue note involved in case No. 14503 on the Court of Appeals docket, inasmuch as the case is still pending in this court on petition in error.
What has been said heretofore along that line applies to the unpaid bills owed by the city to the Division of Power and Light. It is patent that the county owes the city on what might be termed a "welfare account" about the same amount of money that the city owes the Division of Power and Light; that the amount due from the county has been and is being treated as a sort of reserve out of which, when collected, the city will pay for its power and light.
While this is a sort of Swedish settlement, "Olie pays Yon ven Hans pays Olie," the Division of Power *Page 126 
and Light, for aught that appears, is satisfied with the arrangement.
If this action in mandamus were otherwise meritorious, it is most unseasonable and the allowance of the writ as prayed for herein would completely emasculate the city of Cleveland's 1935 tax structure. Were this court going to exercise its discretion, this feature would be seriously considered; but, holding as we do that relator has failed to establish a clear right to the writ of mandamus, it is unnecessary to consider this feature.
Writ denied.
STEPHENSON, WILLIAMS, JONES, MATTHIAS and ZIMMERMAN, JJ., concur.
WEYGANDT, C.J., dissents for the reason that the conceded facts disclose such numerous, obvious and serious violations of the fundamental requirements of these salutary statutes as to greatly endanger the financial future of the city of Cleveland.
DAY, J., not participating.