Turner, J.,
 

 dissenting. The majority holding enlarges the heretofore understood office of a writ of mandamus by the allowance of a writ requiring a public officer to institute an action against one not a party to this cause and contrary to the advice of the Attorney General, the officer’s duly constituted legal adviser. If this is not a proper interpretation of the majority opinion, then the judgment to follow is innocuous. This court is not only substituting itself as .legal adviser of the officer, but is prying the lid offi a veritable Pandora’s box.
 

 In the case of
 
 State, ex rel. Roth,
 
 v.
 
 West, Dir. of Finance,
 
 130 Ohio St., 119, 124, 197 N. E., 115, this court said:.
 

 “Practically all courts in Christendom have announced time upon time that mandamus is. an extraordinary action; that it is a discretionary writ; that
 
 the consequences of its allowance,
 
 as well as the right to its allowance, will be considered by the court in the ■ exercise of its sound discretion; the court is not moved to exercise its discretion unless relator moves with .alacrity, establishes a clear right to the writ for which
 
 *172
 
 he prays, and is without legal or equitable remedy.” (Italics mine).
 

 The majority decision violates every condition laid down in the foregoing quotation.
 

 The party against whom the officer is directed by this court to bring an action will be entitled not only to a jury trial but to a fair trial. By prejudging the facts, this court prejudices the rights of a litigant to the cause to be instituted, and no diagram should be necessary to make this clear.
 

 In the first place, relator’s alleged facts, at least the great majority of his notes, guesses and speculation, would not be admitted as evidence in any court in the state.
 

 If it be questioned that the majority has prejudged the facts, I ask how, then, do they arrive at the conclusion that there rests upon respondent the clear legal duty to institute this stale action against the advice of the Attorney General?
 

 One item alone of relator’s evidence should make us not only hesitate, but decline to act. The evidence submitted by relator shows that the bills of sale from the American Railway Express Company to Railway Express Agency, Inc., are dated December 23, 1929, and that these bills of sale were filed on December 30 and 31, 1929, and January 2, 1930. However, relator calls attention to erasures made on the date line and suggests that fraud and deception should be inferred therefrom. Fraud is never presumed. If we were to speculate on the reason for the erasures, we would want to make sure that when the parties found that, new licenses would have to be obtained in case of a transfer of title, they had not decided to follow a common practice in Ohio whereby American Railway Express Company retained title and leased the trucks to Railway Express Agency, Inc., for the balance of' the year. The continued existence of American Rail
 
 *173
 
 way Express Company until the date of transfer appearing on the bills of sale is not disputed.
 

 Section 333, General Code, provides:
 

 “The Attorney General shall be the chief law officer for the state and all its departments. No state officer, board, or the head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law. * * *”
 

 Are we to assume that by ordering a state officer to bring an action we thereby have the right to control the discretion of the Attorney General? Suppose the Attorney General refuses to bring the action, will mandamus lie against him?
 

 The consequences of this decision, if adhered to, will at least be productive of much stale litigation.
 

 Matthias, J., concurs in the foregoing dissenting opinion.