Hart, J.
 

 Attacking the order of the commission granting an additional award to the claimant, the relator claims that it was not operating a workshop or factory at the time of Carper’s death and that as a consequence section 15 of bulletin 203, requiring that means be provided at each machine for disengaging it from the source of power, did not apply to relator;
 
 *463
 
 and that the operation of the bucket conveyor in connection with its ready-mix concrete plant was excluded from the general regulation above referred to by the provisions of bulletin 110, as amended in 1938, and particularly that portion of it designated “Scope,” providing that the code of regulations does “not apply to belt,
 
 bucket,
 
 scoop, roller or similarly inclined or vertical freight
 
 conveyors *
 
 *
 

 The respondent found that Carper received his fatal injuries by being caught in “a bucket conveyor” operating in the plant of the relator in a manner constituting a violation of section 15 of bulletin 203. Assuming, but not deciding, that the plant of the relator constituted a workshop or factory within the scope of the regulations in question or a shop or factory within the meaning of those terms in Section 1002, G-eneral Code, nevertheless the inescapable conclusion must be that “bucket conveyors,” such as operated by the relator, were excluded under bulletin 110 from the operation of bulletin 203, and that there was no specific safety requirement in force upon which a violation could be predicated.
 

 The respondent claims finally that the relator cannot invoke the remedy of mandamus and that the court has no jurisdiction to attack the finding and pay-in, order of the commission. The respondent claims that under the rule adopted by this court in
 
 Slatmeyer
 
 v.
 
 Industrial Commission,
 
 115 Ohio St., 654, 155 N. E., 484, the relator has an adequate remedy at law by way of defense when it is sued for recovery of the award made by the commission.
 

 However, this court in
 
 State, ex rel. Rae,
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 168, 24 N. E. (2d), 594, allowed a writ of mandamus holding that it is a permissible remedy where, as here, the additional award for the violation of a specific requirement has been made and it is shown that the order of the
 
 *464
 
 commission is unlawful and, therefore, an abuse of discretion. See, also,
 
 State, ex rel. Emmich,
 
 v.
 
 Industrial Commission,
 
 148 Ohio St., 658, 76 N. E. (2d), 710; and
 
 State, ex rel. Fruehauf Trailer Co.,
 
 v.
 
 Coffinberry,
 
 154 Ohio St., 241.
 

 A writ of mandamus, as prayed for, is allowed.
 

 Writ allowed.
 

 WEYGANDT, C. J., ZlMMERMAN, STEWART, TaET and
 

 Matthias, J J., concur.
 

 Middleton, J., not participating.