Taft, J.
It is the contention of relator (1) that Section 1465-72a, General Code, and respondent’s rules governing procedure in a claim for additional award, which are set forth so far as pertinent in the petition, require an application for such an additional award to be filed within two years after the date of the injury and require that said application set forth “the section or sections of the law or code of specific requirements applicable,” and (2) that under said rules and that statute no award can be made for violation of a specific requirement which was not set forth in or *557 added to ail application for an additional award by amendment thereto prior to. the expiration of snch two-year period. In support of that contention, relator relies upon State, ex rel. DeBoe, v. Industrial Commission, 161 Ohio St., 67, 117 N. E. (2d), 925. See also State, ex rel. Fruehauf Trailer Co., v. Coffinberry et al., Industrial Commission, 154 Ohio St., 241, 95 N. E. (2d), 381, and State, ex rel. Carr, v. Industrial Commission, 130 Ohio St., 185, 198 N. E., 480.
The question raised by the demurrer is whether relator is' entitled to an issuance by this court of the extraordinary writ of mandamus.
The General Assembly, in accordance with its authority as recognized in Section 4 of Article IV of the Constitution, has conferred upon the Common Pleas Court the authority and power to issue a writ of mandamus. Section 12284, General Code. It would appear therefore that, if relator had instituted this action in the Common Pleas Court instead of in this court, it could have sought from that court the same relief which it seeks by its original action in this court. Likewise, Section 6 of Article IV of the Constitution confers upon the Courts of Appeals of this state original jurisdiction in mandamus.
Since both the Common Pleas Court and the Court of Appeals have the power and authority to issue such a writ, this court, in the exercise of its discretion, should use some discrimination in determining whether the controversy involved in an original action for mandamus in this court is such as to justify bringing the cause immediately to the Supreme Court instead of presenting it in the first instance to the Common Pleas Court or perhaps to the Court of Appeals. State, ex rel. Werden, v. Williams, Twp. Clerk, 26 Ohio St., 170.
Belator has referred to several cases where this court, at the request of an employer, either issued a *558 writ of mandamus or of prohibition against the Industrial Commission or recognized that the employer might be entitled to issuance of such a writ. State, ex rel. Fruehauf Trailer Co., v. Coffinberry, supra; State, ex rel. Emmich, v. Industrial Commission, 148 Ohio St., 658, 76 N. E. (2d), 710; State, ex rel. Willys-Overland Co., v. Clark et al., Industrial Commission, 112 Ohio St., 263, 147 N. E., 33; State, ex rel. New Idea, Inc., v. Blake et al., Industrial Commission, 145 Ohio St., 209, 61 N. E. (2d), 195; State, ex rel. Miller Plumbing Co., v. Industrial Commission, 149 Ohio St., 493, 79 N. E. (2d), 553; State, ex rel. S. S. Kresge Co., v. Industrial Commission, 157 Ohio St., 62, 104 N. E. (2d), 450; State, ex rel. Marble Cliff Quarries Co., v. Morse et al., Industrial Commission, 154 Ohio St., 459, 96 N. E. (2d), 297. Undoubtedly there have been other such cases decided by this court.
However, we are in agreement with the following statement of the Supreme Court of Illinois in People, ex rel. Kocourek, v. City of Chicago, 193 Ill., 507, 62 N. E., 179, 58 L. R. A., 833:
“ * * * the principal jurisdiction of this court is appellate, and the exercise of its limited original jurisdiction should not be allowed, when there are other courts having the same original jurisdiction, to so crowd the docket and occupy the time of the court as to interfere with the performance of its appellate duties.
“* * * We cannot allow a practice to be continued which has heretofore, to some extent, been allowed by the indulgence of the court until it has become burdensome not only to litigants but to this court as well, and has consumed much of its time which is necessary for the consideration of cases on error or appeal * *
As stated in 34 American Jurisprudence, 824 et seq., Sections 25, 26 and 27:
“Concurrent jurisdiction in a lower court to issue *559 the writ is not necessarily ground for refusal of the higher court to assume original jurisdiction in the matter, but in such case the court may exercise its discretion to entertain or refuse to entertain the case. * * *
“Though the state courts of last resort are given original jurisdiction to issue writs of mandamus, and under such a grant have in many instances exercised such jurisdiction frequently without their jurisdiction being questioned, it does not follow that such courts will assume jurisdiction in all cases of mandamus in which their aid may be sought, notwithstanding their previous practice in this regard. The established rule seems to be that as original jurisdiction is conferred in order that the court of highest authority in the state should have the power to protect the rights, interests, and franchises of the state, and the rights and interests of the whole people, to enforce the performance of high official duties affecting the public at large, and, in emergency (of which the court itself is to determine), to assume jurisdiction of cases affecting local public interests or private rights, where there is no other adequate remedy and the exercise of such jurisdiction is necessary to prevent a failure of justice, the court is vested with a sound legal discretion to determine for itself, as the question may arise, whether or not the case presented is of such a character as to call for the exercise of its original jurisdiction. * * *
“It being the declared policy of courts of last resort to exercise original jurisdiction in mandamus only where there is some controlling necessity and where the interests of the state are directly concerned, they will not generally award the writ when its purpose is primarily the enforcement of purely private rights.”
See also annotation, 165 A. L. R., 1431, 1443 et seq.
Section 2 of Article IV of the Ohio Constitution, which provides that this court “shall have original jurisdiction in * * * mandamus,” likewise provides *560 that “no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court.”
This court therefore cannot and will not adopt any rule preventing anyone from invoking its original jurisdiction in mandamus. However, since mandamus is an extraordinary writ and the issuance of a writ of mandamus rests within the sound discretion of the court which is asked to issue the writ (State, ex rel. Roth, v. West, Dir., 130 Ohio St., 119, 124, 197 N. E., 115), this court can and will in the exercise of such discretion in the future recognize that a Common Pleas Court or the Court of Appeals may usually just as readily provide the relief sought; and this court will therefore ordinarily not issue such a writ either for the enforcement or for the protection of purely private rights.
For the reasons stated and without passing on the demurrer or the merits of the case, the writ is denied.

Writ denied.

Weygandt, C. J., Middleton, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.