CITY OF MIDDLEBURG HEIGHTS, APPELLANT, *v.*
BROWN, JUDGE, APPELLEE.

[Cite as Middleburg Hts. *v.* Brown (1986), 24 Ohio St. 3d 66.]

(No. 85-702—Decided June 11, 1986.)

*James N. Walters III* and *Frank J. Groh-Wargo,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Ralph P. Sobieski,* for appellee.

*Per Curiam.*   Although the court of appeals dismissed the complaint in prohibition, we consider the issues it raises on the merits. "In an appeal as of right from a judgment of the court of appeals involving an extraordinary writ, this court will consider the case as if the action originally had been filed here." *In re Petition for Mallory* (1985), 17 Ohio St. 3d 34.

The pertinent part of Civ. R. 41 reads:

"(A) Voluntary dismissal: effect thereof.

"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.

"(2) By order of court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. *If a counterclaim has been pleaded by a defendant prior to the service upon him*

*of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.* Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." (Emphasis added.)

Where it does not otherwise affirmatively appear from the record, it will be presumed that a court of general jurisdiction lawfully acquired and exercised its jurisdiction. Cf. *Paulin* v. *Sparrow* (1915), 91 Ohio St. 279, paragraph one of the syllabus. A court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction, and the party challenging its jurisdiction has a remedy via appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action. *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 4; *State, ex rel. Miller,* v. *Court* (1949), 151 Ohio St. 397 [39 O.O. 232], paragraph three of the syllabus.

In the present case, we find that Civ. R. 41(A)(2) applies. In the underlying action, defendant Dome Energicorp pleaded its counterclaim by filing it prior to the city's attempted dismissal one minute later. Dome Energicorp "objected" to the city's dismissal, we believe, when it entered an *amicus curiae* appearance in the instant action in the court of appeals urging denial of the writ. Because of the presumption of regularity in the trial court's proceedings, and our deference to its determination of its own jurisdiction, we assume, absent evidence to the contrary,[2] that Dome Energicorp's counterclaim cannot be independently adjudicated if severed from the city's complaint.

In *State, ex rel. McGraw,* v. *Gorman* (1985), 17 Ohio St. 3d 147, at 150, we noted that "there are three essentials for issuance of a writ of prohibition: the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; the exercise of that power must be unauthorized by law; and it must appear that the denial of the writ would cause injury for which there is no other adequate remedy in the ordinary course of the law."

The city has satisfied only the first of the three conditions. The city has not, however, shown that Judge Brown is exercising unauthorized power. Likewise the city has not demonstrated that appeal would not be adequate to test the jurisdictional issue and to prevent any injury it might sustain. The extraordinary writ of prohibition is unwarranted in this case.

---

[2] Regrettably, neither party provided this court with a copy of Dome Energicorp's counterclaim filed in the underlying action. We are therefore unable to determine, with certainty, whether the counterclaim and the complaint raised issues so similar and intertwined that they could not be severed for autonomous consideration.

The judgment of the court of appeals is modified and the writ is denied.

*Judgment modified*
*and writ denied.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.

SWEENEY, J., not participating.