THE STATE, EX REL. HARMON, *v.* BENDER, JUDGE.

[Cite as State, ex rel. Harmon, *v.* Bender (1986), 25 Ohio St. 3d 15.]

(No. 85-1758—Decided July 9, 1986.)

*Craig Harmon, pro se.*

*Stanley E. Flegm,* prosecuting attorney, and *Lee A. Oldendick,* for respondent.

*Per Curiam.* The controlling question in this case is whether videotapes of trial proceedings are public records subject to the public access provisions of R.C. 149.43(B). We have previously held that mandamus is the appropriate remedy to compel a governmental unit to provide public access to public records under R.C. 149.43. See *State, ex rel. Plain Dealer Publishing Co., v. Lesak* (1984), 9 Ohio St. 3d 1. For the following reasons we find that videotapes of trial proceedings are public records, and we

issue a writ of mandamus directing respondent to allow relator access to the videotape of *State* v. *Falzitto, supra.*

R.C. 149.43(A)(1) defined "public record" as follows:

" 'Public record' means any record that is required to be kept by any governmental unit, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law." (140 Ohio Laws, Part I, 1791, 1792.)

We have interpreted this statutory definition of public records to include " 'a[ny] record required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law * * *.' " *State* v. *Brooks* (1971), 27 Ohio St. 2d 144, 147 [56 O.O.2d 80]; *State, ex rel. Citizens' Bar Assn.,* v. *Gagliardo* (1978), 55 Ohio St. 2d 70, 71 [9 O.O.3d 74].

R.C. 149.43(B) mandated public access to public records and stated in pertinent part:

"All public records shall be promptly prepared and made available to any member of the general public at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division."

When viewed in light of R.C. 149.43 and the case law interpreting that statute, videotapes of trial proceedings fit squarely within the definition of public records. A trial court is required to make and keep a record of its proceedings for use on appeal. A trial court generally discharges this duty by recording the proceedings using either a videotape or a stenographer. Videotapes and stenographer's notes are, thus, records required by law to be kept by a governmental unit in order that it may properly discharge its duty of preserving a record for appeal. Since these records are not among those specifically exempted from public inspection by R.C. 149.43, we find them to be public records.

In conclusion, relator has demonstrated: (1) that the videotapes in question are public records, (2) that he has a clear legal right to access to those public records pursuant to R.C. 149.43, (3) that respondent has a clear legal duty to provide access to those public records, and (4) that he has no adequate remedy at law. We, therefore, grant relator's requested writ of mandamus.

It is unclear from the record in this case whether respondent's court has facilities with which relator could view the videotapes. Of course, if respondent's court does not have such facilities, relator may not remove the original tapes from the courthouse. Under such circumstances, relator

would be required to obtain a copy of the tapes at his own expense to view elsewhere.

*Writ granted.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUG-LAS and WRIGHT, JJ., concur.