THE STATE, EX REL. FOSTORIA DAILY REVIEW COMPANY, APPELLANT, *v.* FOSTORIA HOSPITAL ASSOCIATION ET AL., APPELLEES.

[Cite as State, ex rel. Fostoria Daily Review Co., *v.* Fostoria Hosp. Assn. (1987), 32 Ohio St. 3d 327.]

(No. 87-102—Decided September 9, 1987.)

328

*Baker & Hostetler, David L. Marburger* and *Susan M. Gilles,* for appellant.

*Shumaker, Loop & Kendrick, H. Francis McDaniel, Jr., Timothy C. McCarthy* and *David B. Shaver,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Simon B. Karas,* urging reversal for *amicus curiae* Ohio Attorney General.

*Baker & Hostetler, George W. Hairston, Robert B. McAlister* and *Daniel T. Kobil,* urging reversal for *amicus curiae* Ohio Newspaper Association.

*Roetzel & Andress, Norman S. Carr, Ronald S. Kopp* and *Robert J. Caffrey,* urging reversal for *amici curiae* Beacon Journal Publishing Co. et al.

*Dale V. Bring,* urging reversal for *amicus curiae* Ohio Association of Broadcasters.

*Timothy D. Smith,* urging reversal for *amicus curiae* Common Cause/Ohio.

*Bricker & Eckler, James J. Hughes, Jr.* and *Robert D. Jacobs,* urging affirmance for *amicus curiae* Ohio Hospital Association.

*Per Curiam.* The determinative issue posed in this appeal is whether R.C. 149.99 provides the exclusive remedy to compel compliance with the public records statute, R.C. 149.43.[1]

---

[1] R.C. 149.43 provides in relevant part:
"(A) As used in this section:
"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units,

R.C. 149.99, as amended effective July 1, 1985, provides:

"Any person aggrieved by a violation of section 149.351 or 149.43 of the Revised Code, or both of these sections, may bring a civil action to compel compliance, and may recover a forfeiture of one thousand dollars and reasonable attorneys fees for each violation."

The cause *sub judice* originated in the court of appeals where appellant requested a writ of mandamus seeking disclosure of records kept by the appellee association that are alleged to be public records pursuant to R.C. 149.43. The appellate court held that the legislature had in fact provided parties seeking access to public records with an adequate remedy at law, *viz.,* R.C. 149.99.

As noted by the court of appeals below, it is well-settled that in order to entitle the relator to a writ of mandamus the relator must show, and the record must disclose affirmatively, that there is no plain and adequate remedy in the ordinary course of law. *State, ex rel. Stanley,* v. *Cook* (1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E. 2d 207, paragraph three of the syllabus; *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85, 36 O.O. 2d 75, 218 N.E. 2d 428, certiorari denied (1967), 386 U.S. 957; *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O.2d 141, 228 N.E. 2d 631; *State, ex rel. Cody,* v. *Toner* (1983), 8 Ohio St. 3d 22, 8 OBR 255, 456 N.E. 2d 813, certiorari denied (1984), 466 U.S. 938.

In our view, the language of R.C. 149.99 envisions an action instituted in the court of common pleas for injunctive relief, forfeiture and attorney fees. However, in its present form, the precise language of R.C. 149.99 does not appear to encompass an action in mandamus. It must be emphasized that a writ of mandamus is an extraordinary remedy which is carefully and cautiously granted only when there exists no plain and adequate remedy in the ordinary course of the law. See *State, ex rel. Roth,* v. *West* (1935), 130 Ohio St. 119, 3 O.O. 146, 197 N.E. 115; and *Pressley, supra.* While it may be argued that mandamus is in fact a "civil action," R.C. 149.99 does not contemplate "any" civil action; rather, the very language of the statute details the form and type of civil actions permitted in order to redress alleged violations of R.C. 149.43.

Appellant contends that our recent decision in *State, ex rel. Harmon,* v. *Bender* (1986), 25 Ohio St. 3d 15, 25 OBR 13, 494 N.E. 2d 1135, is controlling where it was held that mandamus was the proper mechanism for assuring disclosure of public records. However, the records sought to be

___

except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

"* * *

"(B) All public records shall be promptly prepared and made available for inspection to any member of the general public at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such manner that they can be made available for inspection in accordance with this division. * * *"

disclosed in *Harmon* were made in a trial occurring before the effective date of the current version of R.C. 149.99. Moreover, no discussion of R.C. 149.99 was rendered in our opinion in that cause.

The prior version of R.C. 149.99 provided:

"Whoever violates section 149.351, 149.43 or 149.431 of the Revised Code shall forfeit not more than five hundred dollars for each offense to the state. The attorney general shall collect the same by civil action."

Since the relief permitted under the prior version of R.C. 149.99 required an action instituted by the Attorney General, it was reasonable for us to apparently conclude in *Harmon, supra,* that the person seeking access to the records had no adequate remedy at law and that an action in mandamus was proper. However, under the amended version of R.C. 149.99, the General Assembly has provided an adequate remedy at law for persons seeking disclosure of public records and, thus, appellant's action in mandamus must fail on that ground alone.

Accordingly, the judgment of the court of appeals denying the writ of mandamus is hereby affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES and H. BROWN, JJ., concur.

MOYER, C.J., DOUGLAS and MCCORMAC, JJ., dissent.

MCCORMAC, J., of the Tenth Appellate District, sitting for WRIGHT, J.

DOUGLAS, J., dissenting. Because I believe that the majority decision is wrong on the facts, wrong on the law and, in addition, sets a very bad, serious and frightening policy with which I vigorously disagree, I must dissent.

This court has repeatedly recognized mandamus as an appropriate means of securing access to public records under R.C. 149.43. See, *e.g., State, ex rel. Harmon,* v. *Bender* (1986), 25 Ohio St. 3d 15, 25 OBR 13, 494 N.E. 2d 1135; *State, ex rel. Dispatch Printing Co.,* v. *Wells* (1985), 18 Ohio St. 3d 382, 18 OBR 437, 481 N.E. 2d 632; *State, ex rel. Plain Dealer Pub. Co.,* v. *Lesak* (1984), 9 Ohio St. 3d 1, 9 OBR 52, 457 N.E. 2d 821. However, the majority today decides that the recent amendment, effective July 1, 1985, to R.C. 149.99 now provides an adequate remedy at law, and that mandamus is therefore no longer available. For several reasons, this conclusion is untenable.

The mere existence of an alternative remedy at law does not render a writ of mandamus inappropriate. The remedy at law must be "adequate." See, *e.g., State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph one of the syllabus. This court has recently stated that a remedy at law is adequate only if the remedy is "complete in its nature, beneficial and speedy." *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102, 104, 22 OBR 136, 137, 488 N.E. 2d 883, 885-886.

According to the majority, the alternative remedy at law in this case is provided by R.C. 149.99, as amended, which allows for a civil action in the common pleas court to compel compliance with R.C. 149.43, the statute requiring accessibility of public records. The majority concludes that the existence of this remedy at law precludes relief in mandamus. Among other matters, what the majority does not consider is whether this remedy is "adequate." The inevitable conclusion is that it is not.

Under the circumstances of this case, mandamus provides the *only* means of securing "complete * * *, beneficial and speedy" relief. The obvious reason that persons, particularly those in the news media, seek access to public records is to gain the information such records can impart. This information will be rendered stale, even useless, if the party seeking access is forced to pursue an ordinary civil action through the crowded dockets of the common pleas courts and then through the lengthy appellate process. The records being sought will very often contain information the public has a right and a need to know. The interests of the people of this state are clearly not served if the news media are forced to wage protracted legal battles, in the dubious hope of finally gaining access to information that will no longer be timely. This remedy can scarcely be characterized as "beneficial" or "speedy." It is therefore not "adequate." *Liberty Mills, supra.*

In contrast, the remedy of mandamus would provide complete and expeditious relief, by virtue of the statutory provisions allowing for accelerated disposition of proceedings. See, *e.g.*, R.C. 2311.08 and 2501.09(A). Without an action in mandamus, the news media would have no adequate alternative remedy. Thus, mandamus is available under these facts.

Next, I emphatically disagree with the majority's conclusion that amended R.C. 149.99 provides, or was intended to provide, a procedure or the *only* procedure to compel compliance with R.C. 149.43. It must first be noted that R.C. 149.99 is the "penalty" section of the code providing the sanction for violation of R.C. 149.43. It was not designed to provide the mechanism, or at least not the *exclusive* mechanism, by which a party seeking to obtain public records must proceed. Since the majority argues that the amendment

to R.C. 149.99 does provide the only method for an aggrieved party to force compliance with R.C. 149.43, that argument must be analyzed.

The majority effectively excludes from the term "civil action" the statutory remedy of mandamus. By so doing, the majority manifests its absolute misunderstanding of the term. Civ. R. 2 instructs us that "[t]here shall be only one form of action, and it shall be known as a civil action." Black's Law Dictionary (5 Ed. 1979) 222, defines "civil action" as:

"Action brought to enforce, redress, or protect private rights. In general, *all types of actions* other than criminal proceedings. * * *

"The term includes all actions, both those formerly known as equitable actions and those known as legal actions, or, in other phraseology, both suits in equity and actions at law. * * *" (Citations omitted.) (Emphasis added.)

Given that pursuant to R.C. 2731.04, an application for a writ of mandamus must be by petition to a court, it would seem to be indisputable that the remedy of mandamus falls within the definition of a "civil action," in that the procedure is instituted to enforce rights. Can there be any question that the appellant herein was seeking to enforce its rights under R.C. 149.43? Obviously, the answer is "no"!

It should therefore be clear that mandamus is a "civil action." This court should so hold and, in fact, has done so as recently as November 26, 1986 when we said in *State, ex rel. Spirko,* v. *Court of Appeals* (1986), 27 Ohio St. 3d 13, 15, 27 OBR 432, 433, 501 N.E. 2d 625, 626, that "[a] proceeding for a writ of mandamus is a civil action."

I am also troubled by certain intimations in the majority opinion that the records in question might not be "public records." In its statement of

the background of this case, the majority makes much of the fact that "all operating expenses [for the hospital] including insurance are undertaken by the appellee," a non-profit corporation, and that "no city funds have been provided for operating expenses." Although the majority never explicitly so states, the implication is that the records herein might not be public records subject to the compulsory disclosure requirements of R.C. 149.43. Such a conclusion would be absurd.

Fostoria City Hospital is clearly a public hospital. As acknowledged by the majority, the hospital occupies premises leased from the city without any obligation to pay rent. Furthermore, the lease specifically required appellee to submit regular written reports to the city. An increase in the city income tax was implemented to fund hospital improvements and expansion. This court has consistently favored an expansive approach to the determination of what constitutes a public record for purposes of R.C. 149.43. See, *e.g., Dayton Newspapers v. Dayton* (1976), 45 Ohio St. 2d 107, 74 O.O. 2d 209, 341 N.E. 2d 576; *State, ex rel. Plain Dealer Pub. Co.,* v. *Krouse* (1977), 51 Ohio St. 2d 1, 5 O.O. 3d 1, 364 N.E. 2d 854. In light of the intimate connection between the city and the hospital, and the use of public monies to fund hospital projects, the facility is clearly a public agency subject to the disclosure requirements of R.C. 149.43. To permit an agency, with clear public roots and continuing affiliations, to wrap itself in the clothes of a "private non-profit corporation," thereby deflecting and escaping its public responsibilities while still enjoying its public benefits, would be to sanction patent subterfuge. We should not be placing our judicial imprimatur on such shenanigans.

Accordingly, I would reverse the judgment of the court of appeals, address the merits of appellant's mandamus action,[2] and grant a writ of mandamus directing appellees to afford appellant, as required by R.C. 149.43, access to the records in question. If "freedom of the press" means anything, it means the right and the

---

[2] I am aware of the dissent filed by my valued and learned brother, Judge John McCormac. I respectfully disagree with him on the basis of a long line of cases emanating from this court and, further, because both the court of appeals and the majority herein did, in fact, address the merits of the case with regard to whether a writ of mandamus should issue. This case was not, and is not, being decided or dismissed on jurisdictional grounds. The decisions of the court of appeals and the majority herein are both predicated on the basis that relator has an adequate remedy at law. The decision of the court of appeals states: "Writ of mandamus denied." The decision of this court states: "Judgment affirmed." Neither court indicates a "* * * lack of jurisdiction to entertain the extraordinary writ." A decision stating that there is no entitlement to a writ is a decision on the merits — not one determining "lack of jurisdiction" of the court to entertain the cause. In fact, by issuing merit decisions, both this court and the court of appeals accepted that our respective jurisdictions had been properly invoked.

Even if the foregoing were not so, the law itself is clear. In a long line of cases, this court has consistently stated that "* * * '[i]n an appeal as of right from a judgment of the court of appeals involving an extraordinary writ, this court will consider the case as if the action originally had been filed here.' " *Middleburg Hts.* v. *Brown* (1986), 24 Ohio St. 3d 66, 67, 24 OBR 215, 216, 493 N.E. 2d 547, 548; *In re Petition for Mallory* (1985), 17 Ohio St. 3d 34, 17 OBR 28, 476 N.E. 2d 1045, 1046; see, also, *State, ex rel. Halloran,* v. *Zapatony* (1984), 15 Ohio St. 3d 73, 15 OBR

ability to *gather* the news as well as to print the news.

MOYER, C.J., concurs in the foregoing dissenting opinion.

MCCORMAC, J., dissenting. I respectfully dissent from the holding of the majority that R.C. 149.99 provides an adequate remedy at law which precludes a mandamus action in the court of appeals to attempt to obtain access to public records under R.C. 149.43.

R.C. 149.99 provides that a person may bring a civil action to compel compliance with the public records statute, R.C. 149.43, and that, ancillary to a judgment of compliance, the person may recover a penalty of $1,000 and reasonable attorney fees. The civil action referred to in R.C. 149.99, at least insofar as a common pleas court action is concerned, is a mandatory injunction action or a statutory mandamus action pursuant to R.C. Chapter 2731. Since an action to compel compliance requires an order of affirmative compliance, only those two remedies will provide the relief sought, which is to compel compliance.

Neither statutory mandamus nor statutory mandatory injunction is a plain and adequate remedy in the ordinary course of law. The availability of these extraordinary remedies in the common pleas court is not a ground upon which the Supreme Court or the court of appeals can deny the exercise of jurisdiction in an original mandamus action. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631; *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525, paragraph one of the syllabus.

In light of the fact that the majority has held that the court of appeals properly dismissed the mandamus action for lack of jurisdiction due to there being an adequate remedy in the ordinary course of law in the common pleas court, it is inappropriate to decide or to take a position on the merits of the case. The principle relied upon by Justice Douglas, that in an appeal as of right from a judgment of the court of appeals involving an extraordinary writ this court will consider the case as if the action originally had been filed here, is inapplicable where there is an affirmance of the court of appeals based upon lack of jurisdiction to entertain the extraordinary writ.

166, 472 N.E. 2d 357, 358, fn. 2; *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 2, 14 OBR 1, 2, 469 N.E. 2d 847, 848, fn. 1; *State, ex rel. Taylor,* v. *Glasser* (1977), 50 Ohio St. 2d 165, 166-167, 4 O.O. 3d 367, 368, 364 N.E. 2d 1, 2. Of even greater illumination are the words of Judge (later Chief Justice) O'Neill who, in speaking for the court in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus, said:

"The Court of Appeals is governed by the same rules that govern the Supreme Court with regard to its original jurisdiction in mandamus actions. On appeal as a matter of right from a judgment of a Court of Appeals in such an action, the Supreme Court will review the judgment of the Court of Appeals, as if the action had been filed originally in this court, to determine the following questions: (a) Is the respondent under a clear legal duty to perform an official act? (b) Is there a plain and adequate remedy in the ordinary course of the law? (c) Is the action, although labeled a proceeding in mandamus, in effect an action seeking an injunction? (d) Whether, on the question of the allowance or denial of the writ on the merits, the Court of Appeals abused its discretion."

It would seem that these admonitions are sufficiently clear. They point out to us our duty when we review a case involving an appeal as of right from a judgment of a court of appeals involving an extraordinary writ. The case at bar falls squarely within these constraints.