SCHREGARDUS, APPELLANT, *v.*
CROUCHER ET AL., APPELLEES.

(Nos. 55017 and 55025—Decided
February 21, 1989.)

*Zashin, Rich, Sutula & Monastra* and *John D. Sutula,* for appellant.
*Robert L. Musser,* law director, and *Christopher L. Gibbon,* for appellees.

JOHN V. CORRIGAN, J. The appellant, Robert D. Schregardus, is appealing the trial court's dismissals of his claims against Alvin Croucher (case No. 55017) and Ralph Muntz (case No.

55025) for want of subject matter jurisdiction. The two cases have been consolidated for purposes of appellate review.

The appellant filed his complaints against the defendants-appellees on October 2, 1987 in the Bedford Municipal Court, Small Claims Division. He alleged that Alvin Croucher, Mayor of the village of Moreland Hills, Ohio, and Ralph Muntz, Treasurer and Fiscal Officer, had failed to make requested records available for public inspection pursuant to the mandate set forth in R.C. 149.43(B). The appellant prayed solely for a monetary award of $1,000, pursuant to the forfeiture remedy set forth in former R.C. 149.99 (see 141 Ohio Laws, Part II, 2761, 2775), now repealed (see 142 Ohio Laws, Part I, 1151, 1153, eff. Oct. 15, 1987).

On November 12, 1987, the defendants moved for dismissal of the complaints for lack of subject matter jurisdiction. On November 30, 1987, the trial court dismissed the complaints, without prejudice. The appellant has timely appealed and now brings one assignment of error:

"The trial court erred in dismissing appellant's claims against appellees for lack of subject-matter jurisdiction when the relief sought by the appellant pursuant to O.R.C. Sections 149.43 and 149.99 was within the monetary jurisdiction of the municipal court and no other relief was requested from the court."

The appellant contends that he is within the jurisdiction of the Bedford Municipal Court since his complaints contained prayers for relief that sought only the monetary remedy of forfeiture provided by R.C. 149.99. We find no merit to this argument.

"Municipal courts can exercise only such powers as are conferred upon them by statute." *Bretton Ridge Homeowners Club* v. *DeAngelis* (1985), 22 Ohio App. 3d 65, 22 OBR 162, 488 N.E. 2d 925, paragraph one of syllabus. R.C. 1901.17 provides that Ohio municipal courts have original jurisdiction where the amount claimed does not exceed ten thousand dollars. R.C. 1925.02 establishes the jurisdiction of the small claims division of a municipal court where the amount claimed does not exceed one thousand dollars. However, municipal courts do not have subject matter jurisdiction over actions which are principally equitable in nature. *Bretton Ridge Homeowners Club, supra,* paragraph two of syllabus; see, also, R.C. 1901.18.

R.C. 149.99, as it was in effect at the time the appellant's claim was filed, provided the exclusive remedy to redress the failure to comply with the public records disclosure mandate set forth in R.C. 149.43. See *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1987), 32 Ohio St. 3d 327, 512 N.E. 2d 1176. R.C. 149.99 provided:

"Any person aggrieved by a violation of section 149.351 or 149.43 of the Revised Code, or both of these sections, may bring a civil action to compel compliance, and may recover a forfeiture of one thousand dollars and reasonable attorneys fees for each violation." (See 141 Ohio Laws, Part II, 2761, 2775.)

In *Fostoria, supra,* the Supreme Court construed R.C. 149.99 and stated:

"In our view, the language of R.C. 149.99 envisions an action instituted in the court of common pleas for injunctive relief, forfeiture and attorney fees. * * *" *Id.* at 329, 512 N.E. 2d at 1178.

The appellant argues that *Fostoria* is not instructive on the matter of jurisdiction in this case because he seeks only the statutory remedy in forfeiture on his claims. We are not persuaded by this argument.

We find that the language of R.C. 149.99 which was in effect at the time the appellant filed his claims provides

that "a civil action to compel compliance" is the principal remedy for the failure to make public records available as mandated by R.C. 149.43. The statutory remedies allowing for monetary forfeiture and for the recovery of attorney fees are ancillary to the principal remedy of compelled compliance. See *Fostoria, supra,* at 333, 512 N.E. 2d at 1181 (McCormac, J., dissenting). Thus, a claim brought under R.C. 149.99 is principally equitable in nature; any monetary claims are secondary to the remedy in equity.

Accordingly, since municipal courts are not empowered to adjudicate claims which are principally equitable in nature, see *Bretton Ridge Homeowners Club* v. *DeAngelis, supra,* we find that the trial court did not err in dismissing appellant's claim, without prejudice, for want of subject matter jurisdiction.

*Judgment affirmed.*

PATTON, P.J., and FRANCIS E. SWEENEY, J., concur.