The STATE ex rel. SWIGART

v.

BARBER et al.

[Cite as *State ex rel. Swigart v. Barber* (1997), 118 Ohio App.3d 238.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–96–039.

Decided Feb. 11, 1997.

*William R. Swigart, pro se.*

*Daniel P. McQuade, David P. Rupp, Jr.,* and *Gregory L. Van Gunten,* for respondents.

*Per Curiam.*

This matter is before the court on relator's petition for a writ of mandamus, respondents' motion to dismiss, relator's motion for judgment on the pleading, respondents' reply, and respondents' motion for judgment on the pleading and/or summary judgment.

On December 16, 1996, relator, Fulton County Prosecuting Attorney, William Swigart, filed a petition for a writ of mandamus asking this court to compel the respondents, Fulton County Court of Common Pleas Judge James E. Barber and court reporters Lynne Long and Sue Behnfeldt, to allow relator to listen to tape recordings of a plea hearing in anticipation of a hearing on a motion for post-conviction relief.

Relator, according to his petition for the writ of mandamus, spoke to the official court reporter to arrange to listen to the court's audiotape recording of the plea hearing. Respondent Behnfeldt replied that listening to audiotape recordings would not be permitted, but a typed transcript could be ordered. Relator then mailed letters to all respondents requesting to listen to the audio recording. The request was again denied. Relator was informed that a typed transcript, approximately seven pages long, could be ordered for $19.

An action for a writ of mandamus is the appropriate remedy for one denied access to public records. R.C. 149.43(C). In order for the writ to be granted, the relator must demonstrate that he or she has a clear legal right to the relief prayed for, that respondents are under a clear duty to perform the act, and that the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 80, 526 N.E.2d 786, 787.

Respondents do not dispute that, pursuant to R.C. 149.43, recordings of court proceedings are public record and relator has a clear legal right to access these records. In addition, respondents recognize a clear legal duty to provide such records. The issue that is disputed is whether relator may be limited to a

transcript of the record made by an official court reporter, or whether he may compel access to the audio tape of the proceedings.

A public record is "any record that is kept by any public office." R.C. 149.43(A)(1). "Any document appertaining to, or recording of, the proceedings of a court, or any record necessary to the execution of the responsibilities of a governmental unit is a 'public record' and 'required to be kept' within the meaning of R.C. 149.43." *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706, paragraph one of syllabus.

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in a manner that they can be made available for inspection in accordance with this division." R.C. 149.43(B).

■ To facilitate the legislature's policy of providing "broader access," we must conclude that one seeking access to public records should be able to receive that information via the method best suited to his or her needs.

■ In the case at bar, the relator is requesting to inspect the record; he is not requesting that a copy of the record be made. Therefore, the recording should be made available for his inspection at all reasonable times during regular business hours.

Accordingly, this court finds relator's application for a writ of mandamus well taken and it is granted. Pursuant to R.C. 2725.11, the clerk of this court of appeals is deputed by this court to make service of this writ upon the respondents, immediately upon the filing of the same. Court costs assessed to respondents.

*Writ granted.*

HANDWORK and SHERCK, JJ., concur.

MELVIN L. RESNICK, P.J., concurs in judgment only.

· MELVIN L. RESNICK,, Presiding Judge, concurring in judgment only.

I believe that the majority's decision is too broad and could, in the future, place an ·onerous burden on the court system. One's mind reels at the all-too-likely possibility of strangers demanding an opportunity to listen to tapes of entire trials and the resultant costs to the court to protect the integrity of such tapes.

In this case, respondents have agreed to provide access to the tapes according to the public records law. Moreover, the word "access" as used by the majority is not used in the statute and in my opinion is not designed to be interpreted as being limited to originals as the majority seems to do. This is exactly the reason that the legislature in R.C. 149.43(B) provided for copies at a reasonable cost. This is not to say, as the statute provides, that a public record is not subject to inspection of the original. However, as applied to an audiotape or videotape, any right to take the time of a court reporter to play the tape without compensation to either her or the court is contrary to the clear intent of the statute. Cf. *State ex rel. Harmon v. Bender* (1986), 25 Ohio St.3d 15, 17–18, 25 OBR 13, 14–15, 494 N.E.2d 1135, 1136–1137.

I would therefore deny relator's petition based on the public records statute. Nevertheless, in view of there being a pending proceeding, I would grant the writ pursuant to C.P.Sup.R. 10(D), which provides:

"In lieu of requesting a copy of an electronically recorded transcript of proceedings, or a portion thereof, a party may view or hear the transcript of proceedings on file with the clerk of the court."