OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     The State ex rel. Bradford, Appellant, v. Trumbull County
Court et al., Appellees.
     [Cite as State ex rel. Bradford v. Trumbull Cty. Court
(1992),      Ohio St.3d     .]
Prohibition to prevent exercise of county court's jurisdiction
     not available, when -- Adequate remedy at law available.
     (No. 91-1000 -- Submitted June 17, 1992 -- Decided
September 2, 1992.)
     Appeal from the Court of Appeals for Trumbull County, No.
90-T-4427.
     Relator-appellant, Brian Bradford, alleges that on January
28, 1990, he attended a Super Bowl party at Yankee Lake
Ballroom in Yankee Lake Village located in Trumbull County,
Ohio.  The party organizer's policy did not permit guests to
reenter after leaving the party.  While attempting to complain
about this policy, relator apparently had an altercation with a
Brookfield Township police officer who provided security for
the party.  Relator was arrested and charged in the Trumbull
County Court, Eastern District, with resisting arrest, assault,
and disorderly conduct.
     Relator brought this complaint in prohibition in the Court
of Appeals for Trumbull County on July 17, 1990, contending
that the trial court had no jurisdiction of the underlying
case.  On March 18, 1991, the court of appeals denied the writ,
holding that relator had an adequate remedy at law.
     The cause is now before the court upon an appeal as of
right.

     John P. Lutseck, for appellant.
     Dennis Watkins, Prosecuting Attorney, and James Misocky,
for appellees.

     Per Curiam.   For a writ of prohibition to issue, the
respondent must be about to exercise judicial or quasi-judicial
power, the exercise of that power must be unauthorized by law,
and refusal of the writ must result in injury for which no
other adequate legal remedy exists.  State ex rel. Columbus S.
Power Co. v. Sheward (1992), 63 Ohio St.3d 78, 79, 585 N.E.2d
380, 381.

I

Appellant argues in his first proposition of law that the county court does not have jurisdiction to hear his case. This argument is based on the power of the courts of common pleas to establish the jurisdiction of county courts.

R.C. 1907.01 provides:

"There is hereby created in each county of the state, in which the territorial jurisdiction of a municipal court or municipal courts is not coextensive with the boundaries of the county, a court to be known as the county court. The county court shall have jurisdiction throughout a county court district that shall consist of all territory within the county not subject to the territorial jurisdiction of any municipal court. County courts are courts of record for all purposes of law."

By entry of May 25, 1982, the Court of Common Pleas of Trumbull County listed all of the townships and municipalities that were to be included within the jurisdiction of the Trumbull County Court. Included within this determination of jurisdiction was the village of Yankee Lake.

Pursuant to R.C. 1907.11, two county judges are required where the population of a county court district exceeds thirty thousand but does not exceed sixty thousand. The population of the Trumbull County Court District was found to be 37,040 by the court of common pleas, which divided the responsibilities of the two judges mandated by the statute into two districts -- a central district and an eastern district. The court of common pleas assigned all the townships to either the central or the eastern district but, probably due to an oversight, did not specifically assign Yankee Lake to either of these districts.

Appellant contends that because Yankee Lake was not assigned to a district in the court's journal entry, the eastern district where his criminal case is pending lacks jurisdiction of his case.

Appellees argue that Brookfield Township was assigned to the eastern district and that this court should take judicial notice that Yankee Lake is located within Brookfield Township. This being so, Yankee Lake would have been included within the eastern district.

Appellant has made no showing that either district lacks jurisdiction. It can equally be argued that Yankee Lake has been included in the general jurisdiction of the county court and either district could properly assume jurisdiction. We do not have to address this issue at this time since the eastern district has already assumed jurisdiction and appellant has an adequate remedy at law by way of appeal:

"Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. Middleburg Heights v. Brown (1986), 24 Ohio St.3d 66, 68, 24 OBR 215, 216-217, 493 N.E.2d 547, 549; State ex rel. Gilla v. Fellerhoff (1975), 44 Ohio St.2d 86, 73 O.O.2d 328, 338 N.E.2d 522." (Emphasis added.) State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 38, 548 N.E.2d 945, 946.

## II

Appellant in his second proposition of law asserts that the law enforcement officer who arrested him did not have jurisdiction because there is no provision in law for a contract between a municipality and a township for police protection. Appellant cites R.C. 737.04, which allows for such contracts between municipalities, but does not include those contracts between townships and municipalities. We need not reach the merits of this proposition since the question in this prohibition action is whether the county court has jurisdiction, not whether the contract between the municipal corporation and the township with regard to police protection is valid.

## III

Appellant in his third proposition of law argues:

(1) His arrest was invalid because the arresting police officer was engaged in illegal activities, i.e., protecting illegal gambling and violation of liquor laws;

(2) the police officer did not have authority to make the arrest; and

(3) the arrest was made in violation of the Fourth Amendment.

All the above involve questions of law and, as such, are properly appealable. This being so, appellant has an adequate remedy at law.

Accordingly, appellant has an adequate remedy at law for all issues raised by his propositions of law. The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Wright, H. Brown and Resnick, JJ., concur.

Douglas, J., concurs in judgment only.