THE STATE EX REL. ROOTSTOWN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ET AL. *v.* PORTAGE COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489.]

(No. 97–233—Submitted and decided April 28, 1997.)

*Johnson, Balazs & Angelo, Michael J. Angelo, Thomas L. Colaluca* and *Gina A. Kuhlman,* for relators.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Denise L. Smith,* Assistant Prosecuting Attorney, for respondent Portage County Court of Common Pleas.

*Buckley, King & Bluso* and *James E. Melle,* for intervening respondents.

*Livorno & Arnett Co., L.P.A.,* and *Henry A. Arnett,* urging denial of the writ for *amicus curiae,* Ohio Association of Professional Fire Fighters.

*Herman S. Whitter,* urging denial of the writ for *amicus curiae,* Ohio Civil Service Employees Association, AFSCME Local 11, AFL–CIO.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging denial of the writ for *amicus curiae,* Ohio AFL–CIO.

*Per Curiam.*

### Prohibition: General Rules

In their propositions of law, relators assert that they are entitled to a writ of prohibition because the common pleas court lacks jurisdiction over the claims in the underlying action.

In order for a writ of prohibition to issue, relators must establish that (1) the common pleas court is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas* (1995), 74 Ohio St.3d 19, 20, 655 N.E.2d 1303, 1305. Here, it appears uncontroverted that unless prevented, the common pleas court will conduct further proceedings in the underlying action. Therefore, the pertinent issues are whether the common pleas court's intended exercise of judicial authority is unauthorized and whether denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.

Absent a patent and unambiguous lack of jurisdiction, a tribunal having general subject-matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by postjudgment appeal from its holding that it has the requisite jurisdiction.

*Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123–124, 656 N.E.2d 684, 688.

Conversely, appeal does not constitute an adequate remedy and does not bar extraordinary relief if the tribunal patently and unambiguously lacks jurisdiction over the case. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 28, 647 N.E.2d 155, 157. Relators contend that the common pleas court patently and unambiguously lacks jurisdiction over the various claims raised by the intervening respondents. In addressing relators' argument, we need not expressly rule on these jurisdictional issues, since our review is limited to whether the common pleas court's jurisdiction is patently and unambiguously lacking. *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 52, 676 N.E.2d 109, 113.

### Patent and Unambiguous Lack of Jurisdiction:
### Particular Claims

The intervening respondents alleged claims in mandamus, injunction, and declaratory judgment in the common pleas court that are premised on R.C. 3319.081, the Ohio Constitution, and Section 4(A) of Am.Sub.S.B. No. 133 (140 Ohio Laws, Part I, 336, 337). Relators do not deny that the common pleas court possesses basic statutory jurisdiction over actions in mandamus, injunction, and declaratory judgment. R.C. 2731.02, 2727.03, and 2721.02.

Instead, relators contend that the common pleas court patently and unambiguously lacks jurisdiction over the intervening respondents' action because their claims are within SERB's exclusive jurisdiction. If a party asserts claims that arise from or are dependent on the collective bargaining rights created by R.C. Chapter 4117, SERB possesses exclusive jurisdiction over the claims. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraphs one and two of the syllabus. Therefore, a writ of prohibition will issue to prevent a common pleas court from exercising jurisdiction over a case which is patently and unambiguously within SERB's exclusive jurisdiction. *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 289–290, 667 N.E.2d 929, 931.

Relators rely on *Fraternal Order of Police* (1996) and *Vandalia–Butler City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (Aug. 15, 1991), Montgomery App. No. 12517, unreported, 1991 WL 355161, to support their contention that the common pleas court patently and unambiguously lacks jurisdiction over the R.C. 3319.081 contract claims. In *Fraternal Order of Police,* the court granted a writ of prohibition to prevent a common pleas court from proceeding because the case involved claims arising from and dependent on existing collective bargaining agreements and conduct allegedly constituting unfair labor practices under R.C.

4117.11. In *Vandalia–Butler,* the court of appeals affirmed a common pleas court's affirmance of a SERB order finding a board of education guilty of committing an unfair labor practice for implementing a final offer before an impasse had occurred.

Relators' reliance on these cases is misplaced. In *Fraternal Order of Police,* 76 Ohio St.3d 287, 667 N.E.2d 929, the claims arose from an existing collective bargaining agreement. The agreement here, however, has expired. Similarly, despite relators' contentions to the contrary, *Vandalia–Butler* did not hold that an employer's validly implemented final offer following impasse constitutes a collective bargaining agreement "as a matter of law." As the intervening respondents and the *amici curiae* note, a collective bargaining agreement must be approved by the employee organization, reduced to writing, and executed by the parties. R.C. 4117.09(A) and 4117.10(C).

Relators also assert that the common pleas court patently and unambiguously lacks jurisdiction over the intervening respondents' main claims of entitlement to employment contracts with the board pursuant to R.C. 3319.081 because the terms and conditions of employment were addressed in the expired collective bargaining agreement, negotiated to ultimate impasse, and specified in relators' implemented final offer.

This assertion likewise lacks merit. R.C. 4117.10(A) provides that "[w]here no agreement exists * * *, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." Therefore, it is arguable that R.C. 3319.081 prevails where no collective bargaining agreement exists. *State ex rel. Internatl. Union of Operating Engineers v. Cleveland* (1992), 62 Ohio St.3d 537, 584 N.E.2d 727 (Mandamus lies to resolve a wage dispute by compelling compliance with a city charter provision pursuant to R.C. 4117.10[A], when no collective bargaining agreement exists.); *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 95–96, 647 N.E.2d 788, 791 (Mandamus action to compel a board of education to recognize continuing and limited contracts of bus drivers after implementation of final offer following impasse under R.C. 3319.081 *et seq.* alleges sufficient facts to preclude dismissal for failure to state claim upon which relief can be granted.); see, also, *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 29, 641 N.E.2d 188, 192.

If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. *Franklin Cty. Law Enforcement Assn., supra,* 59 Ohio St.3d 167, 572 N.E.2d 87, at paragraph two of

the syllabus. The intervening respondents' R.C. 3319.081 contract claims do not necessarily arise from or depend on R.C. Chapter 4117 collective bargaining rights. Consequently, the common pleas court does not patently and unambiguously lack jurisdiction over these claims.

The common pleas court also does not patently and unambiguously lack jurisdiction over the intervening respondents' constitutional claims. SERB, like other administrative agencies, does not have jurisdiction to determine these claims. *State ex rel. Columbus S. Power Co. v. Sheward* (1992), 63 Ohio St.3d 78, 81, 585 N.E.2d 380, 382 ("It is settled that an administrative agency is without jurisdiction to determine the constitutional validity of a statute."); *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 150, 586 N.E.2d 80, 83 ("[A] plaintiff cannot initially challenge the legal authority of SERB under Ohio's collective bargaining statutes through a declaratory judgment action unless the validity or constitutionality of the statute is raised.").

The remaining claim in the common pleas court action involves the union's contention that the board violated Section 4(A) of Am.Sub.S.B. No. 133 (140 Ohio Laws, Part I, 336, 337) by altering the deemed certified collective bargaining unit when it attempted to subcontract bus service. Under Section 4(A) of Am.Sub. S.B. No. 133, "adjustments or alterations to deemed certified collective bargaining units are not permitted until challenged by another employee organization." *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 635 N.E.2d 361, syllabus. As intervening respondents concede, they raised this claim in their unfair labor practice charge ultimately dismissed by SERB, and the common pleas court's jurisdiction over this claim is a "gray area."

Nevertheless, Section 4(A) of Am.Sub.S.B. No. 133 arguably confers a right independent of R.C. Chapter 4117. This section is not codified as part of the Ohio Collective Bargaining Act and depends on collective bargaining relationships predating the enactment of R.C. Chapter 4117 rather than rights created by that chapter. See *State ex rel. Brecksville Edn. Assn., OEA/NEA v. State Emp. Relations Bd.* (1996), 74 Ohio St.3d 665, 666, 660 N.E.2d 1199, 1200, fn. 1; *State ex rel. Alben v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 133, 136, 666 N.E.2d 1119, 1123.

Therefore, although this presents a closer question than the other claims, the common pleas court also does not patently and unambiguously lack jurisdiction over the Section 4(A) claim. Based on the foregoing, relators are not entitled to

a writ of prohibition to prevent the common pleas court from proceeding in the underlying action. Accordingly, we deny the writ.[1]

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. Since relators are not entitled to the requested extraordinary relief, respondents' motions to strike certain evidence are moot.