On November 2, 1998, the petitioner, Toriano Henry, commenced this writ of prohibition action against the respondent, Judge Richard McMonagle, to prevent the further enforcement of his conviction and sentence for aggravated murder and attempted murder in the underlying case of State v. Toriano Henry, Cuyahoga County Common Pleas Court Case No. CR-267791. He argues that the judge was without jurisdiction to enter that order pursuant to R.C.2945.06. On December 1, 1998, the judge, through the Cuyahoga County Prosecutor, moved to dismiss, and on December 16, 1998, Mr. Henry filed a brief in opposition. For the following reason, this court grants the judge's motion to dismiss.
In the underlying case the Grand Jury on June 5, 1997, indicted Mr. Henry for the aggravated murder of Geoffrey Moore and the attempted murder of Cedric Hill. The aggravated murder charge included a firearm specification and a mass murder specification for the attempted murder of Cedric Hill; the attempted murder charge had a firearm specification. The mass murder specification made the aggravated murder charge a capital case.
On September 13, 1991, the state and Mr. Henry reached a plea agreement. The state amended the aggravated murder charge by deleting both specifications, and Mr. Henry pleaded guilty to the aggravated murder charge as amended and the attempted murder count as charged in the indictment. The trial judge accepted the guilty pleas and sentenced Mr. Henry to twenty years to life for aggravated murder and three years for the firearm specification followed by five to twenty-five years for attempted murder.
Mr. Henry argues that the trial judge's actions are void for lack of jurisdiction, because he did not comply with R.C. 2945.06, Jurisdiction of judge when jury trial is waived; three-judge court. This statute allows a defendant to waive his right to a jury trial and choose to be tried by a judge; generally any judge of the court in which the case is pending may then proceed with the case. However, the statute requires special safeguards in capital cases. It provides in pertinent part as follows:
 If the accused is charged with an offense punishable by death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, * * *. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death.
Mr. Henry reasons that because he was charged with a capital case, a three-judge panel was necessary to accept his guilty plea and sentence him. Because the trial judge did not follow the statute, he lacked jurisdiction to convict and sentence Mr. Henry. He relies upon State v. Green (1998), 81 Ohio St.3d 100, 104-105, in which the supreme court held "that when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant." In Goodin v.State (1865), 16 Ohio St. 345, 346, the supreme court ruled: "It is well settled that whatever is prescribed by the constitution and laws of the state to be done in prosecutions for crimes, is essential to the jurisdiction and power of the court to convict * * *." Thus, because the statute was not followed in a capital case, the trial court was unambiguously without jurisdiction and prohibition will lie to prevent the further enforcement of the conviction and sentence.
However, Mr. Henry's position is not well taken. R.C.2903.01 (A) and (B) state the elements for aggravated murder. Subsection (C) provides that whoever commits aggravated murder shall be punished pursuant to R.C. 2929.02. R.C. 2929.02 provides in pertiment part as follows: "Whoever is convicted of or pleads guilty to aggravated murder shall suffer death or be imprisoned for life, as determined pursuant to sections * * * 2929.03 and2929.04 of the Revised Code * * *."
R.C. 2929.03(A) provides that if the indictment does not contain one or more of the specifications listed in R.C. 2929.04, then upon conviction for aggravated murder the sentence shall be life imprisonment with parole eligibility after serving twenty years. R.C. 2929.03(B) and (C) reaffirm that death may be imposed only if the indictment contains one or more of the specifications listed in R.C. 2929.04. Subsection (C)(2) coincides with R.C.2945.06 in that it also states that a three-judge panel is to determine the sentence in a capital case, if the defendant waived his right to a jury trial.
The capital specifications listed in R.C. 2929.04 are (1) assassination of high federal or state officials or candidates to those offices, (2) murder for hire, (3) murder to escape accountability for another crime, (4) murder by a prisoner, (5) repeat murder or mass murder, including being part of a course of conduct involving the purposeful killing of or attempt to kill two or more persons, (6) killing a law enforcement officer, (7) felony murder, and (8) murder of a witness to a crime. In the underlying case, the mass murder specification was the only capital specification.
When the state amended the aggravated murder indictment to delete the specifications, including the capital specification, the underlying case ceased to be a capital case, and the protections for capital cases under R.C. 2945.06 were no longer relevant. Thus, the trial judge acted within his jurisdiction in accepting Mr. Henry's plea and sentencing him. In Ullman v. Seiter (1985),18 Ohio St.3d 59, 60 479 N.E.2d 875, the Supreme Court of Ohio addressed this issue of whether a charge of aggravated murder without capital specifications may be tried by a single judge or whether R.C. 2945.06 requires a three-judge panel. The supreme court ruled because R.C. 2929.03 and 2929.04 require an aggravating specification as a predicate to the death penalty, when no such specification is present, the defendant is not eligible under the provisions of R.C. 2945.06 for trial by a three-judge panel.
Therefore, Mr. Henry cannot fulfill the requisites for a writ of prohibition which are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ehis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition.State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174,529 N.E.2d 1245 and State ex rel. Csank v. Jafife (1995),107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of art action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School DistrictBoard of Education v. Portage County Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v.Trumbull County Court (1992), 64 Ohio St.3d 502, 597 N.E.2d 116.
In the present case the lack of the capital specifications after amending count one of the indictment, the plain statutory scheme that the three-judge panel provisions apply only in capital cases, and the Ullman decision establish that the respondent was not patently acting beyond his jurisdiction. Beyond that Mr. Henry has or had adequate remedies at law through an appeal or a delayed appeal. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. Stateex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85,218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957.
Accordingly, the respondent's dispositive motion is granted, and the application for a writ of prohibition is denied. Relator to pay costs.
ANN DYKE. J., CONCURS.
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE