PETITION FOR WRIT OF PROHIBITION
 JOURNAL ENTRY AND OPINION
On September 13, 1999, the petitioner, Charles Brooks, commenced this prohibition action against the respondent, Judge Daniel Gaul, essentially to vacate Mr. Brooks' conviction and sentence in the underlying case, State of Ohio v. Charles Brooks,
Cuyahoga County Common Pleas Court Case No. CR-299774, affirmed (Aug. 31, 1995), Cuyahoga App. No. 67870, unreported. The gravamen of his complaint is that the judge's errors in issuing improper verdict forms and in allowing the jury to examine improper exhibits so violated the judge's statutory duties and due process that he had no jurisdiction to enter the conviction and sentence. On October 5, 1999, the respondent, through the Cuyahoga County Prosecutor, moved to dismiss on the grounds that Mr. Brooks had and used adequate remedies at law, precluding prohibition, to raise such issues. On October 18, 1999, Mr. Brooks filed a brief in opposition to the motion to dismiss. For the following reasons, this court grants the motion to dismiss.
In the underlying case a jury convicted Mr. Brooks of aggravated murder with a firearm specification. Mr. Brooks got into a very heated argument with the victim over Ten Dollars which Mr. Brooks said the victim owed him. Mr. Brooks obtained a gun, and when he saw the victim yelling at him on the street, Mr. Brooks shot him. At trial a 9-1-1 tape was played in which the victim said a man with a gun was looking for him. However, this tape was not transcribed or included in the record. Mr. Brooks raised the issue of self-defense.
On appeal Mr. Brooks argued the following: (1) There was insufficient evidence on the issue of prior calculation and design to sustain a conviction. (2) The conviction was against the manifest weight of the evidence on the issue or prior calculation and design. (3) Mr. Brooks did not receive effective assistance of counsel because counsel failed to object to the 9-1-1 tape, because he made an untimely Crim.R. 29 motion, because he failed to request rulings on outstanding motions to suppress and because he failed to object to the jury instruction on the burden of proof for self-defense. This court affirmed.
Mr. Brooks then filed two postconviction relief petitions in which he argued the following: The state forced a witness to perjure himself. He was denied appointment of counsel for seventy-five days. Trial counsel was ineffective for not pleading not guilty by reason of insanity, for not requesting rulings on motions to suppress, and for failing to object to the 9-1-1 tape and to the jury instructions. The trial judge denied him due process of law and equal protection by improperly instructing the jury and failing to follow procedure. The trial court denied the post-conviction relief petitions, and this court upheld those orders on an appeal.
Mr. Brooks now brings this prohibition action. The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel.Largent v Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel.Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85,218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel.Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64,65, 90 N.E.2d 598. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush
(1988), 39 Ohio St.3d 174, 529 N.E.2d 1245; State ex rel. Csankv. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel.Rootstown Local School District Board of Education v. PortageCounty Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365; State ex rel. Bradford v. Trumbull County Court
(1992), 64 Ohio St.3d 502, 597 N.E.2d 116.
Mr. Brooks argues that the trial court denied him due process of law by allowing the jury to examine during its deliberations the coroner's records and the 9-1-1 tape, which were identified but not admitted into evidence. He submits those actions violated R.C. 2945.35 which provides in pertinent part: "No article or paper identified but not admitted in evidence shall be taken by the jury upon its retirement." He also argues that the judge gave the jury improper verdict forms; there should have been a verdict form for "not guilty by self-defense" in addition to the general "not guilty" verdict form. To establish these errors he attached twenty pages from the approximately 550 pages of transcript.
Mr. Brooks then relies upon R.C. 2921.44 and 2921.45 to establish that the trial judge violated statutory duties in making the above errors. R.C. 2921.44, Dereliction of duty, provides in Subsection (B) that no judicial officer shall negligently fail to perform a lawful duty in a criminal case or proceeding and in Subsection (E) that no public servant shall recklessly fail to perform a duty expressly imposed by law. R.C.2921.45, Interfering with civil rights, provides in pertinent part that no public servant shall knowingly deprive any person of a constitutional or statutory right. Mr. Brooks then concludes that a violation of these statutes must unambiguously and patently deprive a court of jurisdiction.
Although Mr. Brooks correctly recites the principles of prohibition, his arguments are meritless. First, the meager attached materials do not show that exhibits which were not admitted into evidence were examined by the jurors during their deliberations. Indeed, the highlighted portions of the transcript on page 540 indicate that the tape was admitted into evidence. Moreover, the general not guilty verdict form would have encompassed a jury conclusion that Mr. Brooks acted in self-defense. Furthermore, this court on direct appeal ruled that any error relating to the issue of self-defense was harmless error, because "the evidence was such that a rational trier of fact could not have found the elements of self-defense * * *." (Slip opinion at pg. 12.)
Moreover, Mr. Brooks' postulate that violations of R.C. 2921.44
and 2921.45 deprive a court of jurisdiction is unsupported and unfounded. He cites no authority which specifically supports that proposition. The statutes themselves do not state that. Those are criminal statutes which do not affect the basic jurisdiction of the common pleas court under R.C. 2931.03. Mr. Brooks' complaints are not jurisdictional issues. Issues relating to evidence and jury instructions are properly reviewed on a full record on appeal, which is an adequate remedy at law precluding prohibition. Csank; State ex rel. Gelman v. Court of Common Pleasof Lorain County (1961), 172 Ohio St. 73, 173 N.E.2d 344; Stateex rel. Moss v. Clair (1947), 148 Ohio St. 642, 76 N.E.2d 883;Kelly v. State ex rel. Gellner (1916), 94 Ohio St. 331. 114 N.E. 255; Cole v. Central Ohio Transit Authority (1984),20 Ohio App.3d 312, 486 N.E.2d 140. Mr. Brooks had adequate remedies at law and used them. Thus, prohibition will not lie.
Accordingly, the respondent's motion to dismiss is granted, and this court dismisses the application for a writ of prohibition. Costs assessed against realtor.
ANN DYKE, CONCURS.
 _________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE