{¶ 19} I respectfully dissent primarily concerning the ability of the municipal court to stay the forcible entry and detainer action. However, I also have concerns with other aspects of the analysis with respect to the extent of a municipal court's jurisdiction when a common law marriage claim is asserted.
 {¶ 20} There is no question that absent an unambiguous lack of jurisdiction, any court, including a municipal court, has the authority to determine its own jurisdiction. State ex rel. Roots Local SchoolDist. Bd. of Edn. v. Portage Cty. Court of Common Pleas (1977),78 Ohio St.3d 489, 491-492. Thus, to that limited extent, a municipal court can conduct a narrow inquiry when a claim of a common law marriage is asserted as a defense to a forcible entry and detainer action. The fact that such a claim is being made as a dilatory tactic is irrelevant to the court's right to inquire.
 {¶ 21} That being said, when a claim of common law marriage is made, the total extent of the municipal court's inquiry is whether a judicial adjudication regarding the existence of a common law marriage has already been made by a court of competent jurisdiction. If there is no evidence of such a determination, then the municipal court can proceed with the forcible entry and detainer action as though the parties were unmarried. The municipal court has absolutely no jurisdiction to go beyond that inquiry as the jurisdiction to determine the validity of a claim of a common law marriage is the exclusive jurisdiction of the domestic court.
 {¶ 22} This is no different from a situation were a tenant claims an equitable interest in the real estate as a defense to eviction. The municipal court has no jurisdiction to maintain a quiet title action; hence, it must proceed solely on the issue of who holds present recorded title. Haas v. Gerski (1963), 175 Ohio St. 327. It cannot go beyond that determination.
 {¶ 23} Under Haas, reliance on present title was clearly not considered to be a quiet title action as there was no determination of title beyond the simple determination of who was the present titleholder of record. It would be a simple inquiry as to the status of an existing public record. As a result, an eviction proceeding in municipal court was irrelevant to any pending or subsequent common pleas action to quiet title, as there would be no conflicting determination of title. The reason being is that "there [was] no question as to present record title" in the municipal court. Id. at paragraph one of the syllabus.
 {¶ 24} The principles set out in Haas were reaffirmed in 1980 by the Supreme Court of Ohio in State ex rel. Carpenter v. Warren Mun.Court (1980), 61 Ohio St.2d 208. There, not only did the court determine that the municipal court could proceed when there is a simultaneous quiet title action proceeding in common pleas court, but it determined that itmust proceed.
 {¶ 25} Again quoting Haas, the Supreme Court held that "`In the case at bar, appellee held the title to the property by duly recorded deed. *** For the purpose of the forcible entry and detainer action, this was conclusive of his right to present possession after having given therequired notice to vacate the premises. Were appellee not permitted toprove his right to possession by proving his record title, the forcibleentry and detainer statute would have little meaning. ***" (Emphasis sic and citations omitted.) State ex rel. Carpenter at 209, quoting Haas at 330-331.
 {¶ 26} "To allow the Municipal Court the discretion to stay proceedings in this cause would be to defeat the purpose of the forcible entry and detainer statutes (i.e., immediate possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals, the relief they were intended to provide." (Emphasis sic.) State ex rel. Carpenter
at 210.
 {¶ 27} Thus, not only is the inquiry into the existence of a common law marriage very limited in a forcible entry and detainer action, but if no legal adjudication is found to exist, the municipal court must proceed to adjudicate the eviction as though the parties were unmarried. Per Carpenter, no stay is permissible if there is evidence of a present record title in the name of the landlord. Thus, I would reverse and remand to the trial court with orders to proceed with the eviction.