ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Julie Luft-Signer, the relator, has filed a complaint for a writ of prohibition through which she seeks an order from this court which vacates the modification of a domestic violence civil protection order and a finding of contempt as issued by Judge Anthony J. Russo, the respondent, in the underlying action of Signer v. Signer, Cuyahoga Domestic Relations Court Case No. D-286746. Specifically, Luft-Signer seeks the following relief:
 {¶ 2} "(1) vacate the order of June 1, 2004, which modified a domestic violence civil protection order, as originally issued on September 17, 2002, by increasing the frequency of visitation between Luft-Signer's estranged husband and daughter;
 {¶ 3} "(2) vacate the order of June 16, 2004, which further modified the domestic violence civil protection order, as originally issued on September 17, 2002, by changing the time period during which Luft-Signer's estranged husband could visit his daughter;
 {¶ 4} "(3) vacate the order of July 29, 2004, which further modified the domestic violence civil protection order, as originally issued on September 17, 2002, by increasing the frequency of visitation between Luft-Signer's estranged husband and his daughter; and
 {¶ 5} "(4) vacate the order of July 29, 2004, which found Luft-Signer to be in contempt of court for failure to obey the orders as issued on June 1, 2004, June 16, 2004, and July 29, 2004.
 {¶ 6} Sua sponte, we dismiss Luft-Signer's complaint for a writ of prohibition for the following reasons.
 {¶ 7} Luft-Signer has failed to establish that she is entitled to a writ of prohibition. In order for this court to issue a writ of prohibition, Luft-Signer must establish that: (1) Judge Russo is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 5450 N.E.2d 239. This court will not issue a writ of prohibition unless it clearly appears that Judge Russo possesses no jurisdiction over the case which he is attempting to adjudicate or Judge Russo is about to exceed his jurisdiction. State exrel. Ellis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571. In addition, a writ will not issue to prevent an erroneous judgment, serve the purpose of an appeal, or correct mistakes of the lower court in deciding questions within its jurisdiction. State exrel. Sparto v. Juvenile Court of Drake County (1950),153 Ohio St. 64, 90 N.E.2d 598. Furthermore, a writ of prohibition can only be issued with great caution and should not be issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court ofCommon Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641. Finally, absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter has the authority to determine its own jurisdiction and a party challenging the court's jurisdiction has an adequate remedy at law through an appeal. State ex rel. Rootstown Local SchoolDistrict Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365; State ex rel.Bradford v. Trumbull County Court, 64 Ohio St.3d 502,1992-Ohio-132, 597 N.E.2d 116.
 {¶ 8} Herein, Judge Russo is authorized by law to exercise jurisdiction over a petition for domestic violence civil protection order. See R.C. 3113.31; Felton v. Felton,79 Ohio St.3d 34, 1997-Ohio-302, 697 N.E.2d 672. R.C. 3113.31(E) also specifically provides that Judge Russo, as a judge of the Domestic Relations Court, possesses the authority to issue orders that allocate custody and visitation over minor children in order to prevent domestic violence. In addition, Judge Russo, as a judge of the Domestic Relations Court, possesses jurisdiction in contempt. R.C. 2705.01, et seq. and State ex rel. Alicia Frazerv. Administrator/Director Juvenile Court Detention Home (Nov. 3, 1995), Cuyahoga App. No. 69767. Finally, an appeal is an adequate remedy at law for determining whether Judge Russo erred in holding Luft-Signer in contempt. In re: Philip Epstein v. JudgeFlanagan (March 27, 2003), Cuyahoga App. No. 82589.
 {¶ 9} Since the requisites for a writ of prohibition cannot be met by Luft-Signer, we sua sponte dismiss the complaint for a writ of prohibition. Luft-Signer to pay costs. The Clerk of the Eighth District Court of Appeals is ordered to serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
Sweeney, J., Concurs.
 McMonagle, J., Concurs.