{¶ 1} Michael Troy Watson has filed a "complaint for a writ of prohibition and/or in the alternative writ of mandamus." Watson seeks an order from this court which requires Judge Ronald Suster, Magistrate Amy Cuthbert, Magistrate John Dyke, and Sheriff Gerald T. McFaul to "cease and desist any and all acts that they have concluded" in the underlying foreclosure action captioned Chase Home Loan, et al. v. Ida Oliver, et,al., Cuyahoga County Court of Common Pleas Case No. CV-556766. In addition, Watson requests that we issue a writ of mandamus which requires "Judge Ronald Suster grant a Stay of Proceedings until no less than the decision of the Supreme Court of Ohio in the case of Disciplinary Counsel vs. Michael Troy Watson Case No.: 05-038" is issued. For the following reasons, we sua sponte dismiss the complaint for a writ of prohibition/mandamus.
 {¶ 2} Initially, we find that Watson's complaint for a writ of prohibition/mandamus is procedurally defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Watson to properly caption his complaint warrants dismissal. Maloney v.Court of Common Pleas of Allen Cty. (1962), 173 Ohio St.226,181 N.E.2d 270; Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} It must also be noted that Watson has failed to comply with Loc.App.R. 45(B)(1)(a) which mandates that the complaint must be supported by an affidavit *Page 4 
which specifies the details of the claim. The failure of Watson to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint. State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilsonv. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 4} Notwithstanding the procedural defects of the complaint, we find that Watson has failed to state a claim for relief through his complaint for a writ of prohibition/mandamus. Prohibition will issue if Watson can demonstrate that: (1) Judge Suster, Magistrate Cuthbert, Magistrate Dyke, or Sheriff McFaul are about to exercise judicial power vis-a-vis the foreclosure action; (2) the exercise of judicial power by Judge Suster, Magistrate Cuthbert, Magistrate Dyke, or Sheriff McFaul is unauthorized by law; and (3) there exists no adequate remedy in the ordinary course of the law. State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239. This court will not issue a writ of prohibition unless it clearly appears that the lower court possesses no jurisdiction of the cause which it is attempting to adjudicate or the lower court is about to exceed its jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571. This court will not issue a writ of prohibition to prevent an erroneous judgment, or to serve the purpose of an appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel.Sparto v. Juvenile Court of Drake Cty. (1950), 153 Ohio St. 64,90 N.E.2d 598. Prohibition should be used with great caution and not issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court ofCommon Pleas *Page 5 
(1940), 137 Ohio St. 273, 28 N.E.2d 273. Finally, absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. State ex rel. Rootstown Local School Dist. Bd. of Ed. v.Portage Cty. Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365.
 {¶ 5} Mandamus will not issue unless Watson can demonstrate that: (1) Watson possesses a clear legal right to a stay of proceedings in the underlying foreclosure action; (2) Judge Suster possesses a clear duty to grant a stay of proceedings; and (3) there exists no adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes
(1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel. National CityBank v. Bd. of Edn. (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 6} Initially, we find that Judge Suster, Magistrate Cuthbert, and Magistrate Dyke possess the necessary jurisdiction to hear the underlying action in foreclosure. See R.C. 2305.01; R.C. 2323.07; and Loc.R. 24 of the Court of Common Pleas of Cuyahoga County, General Division. In addition, Watson has failed to establish that the filing of a grievance with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, with regard to the unauthorized practice of law by Watson in the underlying foreclosure action, prevents Judge Suster, Magistrate Cuthbert, or Magistrate Dyke from exercising jurisdiction and proceeding to judgment. Finally, Watson has failed to demonstrate that Judge Suster possesses a clear legal duty to issue a stay of proceedings in the underlying foreclosure action. *Page 6 
It must also be noted that Watson has failed to state any viable claims against Sheriff McFaul.
 {¶ 7} The sua sponte dismissal of a complaint is appropriate where the complaint is frivolous and the claimant obviously cannot prevail on the facts alleged within the complaint. State ex rel. Peeples v.Anderson (1995), 73 Ohio St.3d 559; State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 647 N.E.2d 799. Clearly, Watson cannot prevail on the facts as raised in his complaint for a writ of prohibition/mandamus.
 {¶ 8} Accordingly, we dismiss Watson's complaint for a writ of prohibition and/or in the alternative a writ of mandamus for failure to state a claim upon which relief can be granted. Costs to Watson. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Complaint dismissed.
ANTHONY O. CALABRESE, JR., JUDGE
 FRANK D. CELEBREZZE, JR., A.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1