JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Nancy A. Rolfe, the relator, has filed a complaint for a writ of prohibition. Rolfe seeks an order from this court which prevents Judge John E. Corrigan, the respondent, from exercising jurisdiction in the underlying adoption proceeding captioned In re: Jordan Roger Barry, Cuyahoga County Court of Common Pleas, Probate Division, Case No. 2007-ADP-6355. Judge Corrigan has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} In order for this court to issue a writ of prohibition, Rolfe must establish that: (1) Judge Corrigan is about to exercise judicial authority; (2) the exercise of judicial authority, by Judge Corrigan, is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239. A writ of prohibition will not be issued by this court unless it clearly appears that Judge Corrigan possesses no jurisdiction over the underlying adoption proceeding or Judge Corrigan is about to exceed his jurisdiction. State ex rel. Ellisv. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571. In addition, a writ of prohibition will not be issued in order to prevent an erroneous judgment, serve the purpose of an appeal, or correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel.Sparto v. Juvenile Court of Drake Cty. (1950), 153 Ohio St. 64,90 N.E.2d 598. Furthermore, a writ of prohibition should only be issued with great caution and cannot be issued in a doubtful case. State exrel. Merion v. Tuscarawas Cty. Court of Common Pleas *Page 4 
(1940), 137 Ohio St. 273, 28 N.E.2d 641. Finally, absent a patent and unambiguous lack of jurisdiction, a trial court possessing general jurisdiction of the subject matter has the authority to determine its own jurisdiction and a party challenging the court's jurisdiction possesses an adequate remedy at law through a direct appeal. State exrel. Bradford v. Trumbull Cty. Court, 64 Ohio St.3d 502, 1992-Ohio-132,597 N.E.2d 116; State ex rel. Rootstown Local School Dist Bd. of Edn. v.Portage Cty. Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365.
 {¶ 3} Rolfe's complaint for a writ of prohibition is premised upon the claim that Judge Corrigan lacks the jurisdiction to proceed in the underlying adoption action. Specifically, Rolfe argues that fourteen pending appeals, which were filed in this court and consolidated for briefing, hearing, and disposition, have divested Judge Corrigan of jurisdiction in the underlying adoption proceeding.[1]
 {¶ 4} Initially, we find that Judge Corrigan possess original and exclusive jurisdiction over adoption proceedings. In re Adoption ofPushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647; State exrel. Portage Cty. Welfare Dept. v. Summers (1974), 38 Ohio St.2d 144,311 N.E.2d 6. In addition, a copy of a judgment entry, as journalized on April 4, 2008, in the underlying adoption *Page 5 
proceeding, clearly demonstrates that Judge Corrigan has stayed the adoption proceeding during the pendency of the appeals that were consolidated for briefing, hearing, and disposition. Finally, Rolfe possesses an adequate remedy at law, once the adoption proceeding has reached a conclusion. State ex rel. Conkle v. Sadler, 99 Ohio St.3d 402,2003-Ohio-4124, 792 N.E.2d 1116; State ex rel. Shimko v. McMonagle,92 Ohio St.3d 426, 2001-Ohio-301, 751 N.E.2d 472.
 {¶ 5} Accordingly, we grant Judge Corrigan's motion to dismiss. Costs to Rolfe. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
CHRISTINE T. MCMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Cuyahoga Appellate Case Nos. 88459, 88460, 88676, 88680, 88681, 88682, 88683, 88684, 88685, 88686, 88908, 88909, 88910, and 88911 were consolidated on October 19, 2006. The aforesaid appeals originated from an order of the Cuyahoga County Court of Common Pleas, Juvenile Division, which terminated the parental rights of Nancy Rolfe, with regard to her minor child, and awarded residential parental rights and legal custodial rights of the minor child to Kimberly Barry. *Page 1