JOURNAL ENTRY AND OPINION
{¶ 1} Kevin Hughley has filed a complaint for a writ of mandamus. Hughley seeks an order from this court, which requires Judge Timothy McMonagle to conduct a resentencing vis-a-vis allegedly defective sentences of incarceration as originally rendered in State v.Hughley, Cuyahoga County Court of Common Pleas Case Nos. CR-481899 and CR-462014. Judge McMonagle has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that Hughley has failed to comply with Loc. App. R. 45(B)(1)(a), which mandates that the complaint for a writ of mandamus be supported by a sworn affidavit that specifies the details of his claim. The failure of Hughley to *Page 3 
comply with the supporting affidavit requirement of Loc. App. R. 45(B)(1(a) requires the dismissal of his complaint for a writ of mandamus.[1]
 {¶ 3} In addition, we find that Hughley has failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Hughley must establish that: (1) he possesses a clear right to a resentencing; (2) Judge McMonagle possesses a clear legal duty to resentence Hughley; and (3) there exists no other adequate remedy in the ordinary course of the law.[2] Moreover, mandamus is an extraordinary remedy which is to be exercised with great caution and only when the right is clear. Mandamus will not issue in doubtful cases.[3]
 {¶ 4} In the case sub judice, Hughley has failed to establish that he possesses any legal right to resentencing or that Judge McMonagle possesses any legal duty to resentence Hughley in Cuyahoga County Court of Common Pleas Case Nos. CR-481899 and CR-462014. Finally, Hughley has already availed himself of an adequate remedy at law, since he has filed a direct appeal to this court in Cuyahoga *Page 4 
Appellate Case No. 90323. Any alleged sentencing defects should be raised through his direct appeal.[4]
 {¶ 5} Accordingly, we grant Judge McMonagle's motion for summary judgment. Costs to Hughley. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Writ denied.
MARY EILEEN KILBANE, P.J., and MARY J. BOYLE, J., CONCUR.
[1] State ex rel. Smith v. McMonagle (Jul. 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
[2] State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641; State ex rel. National City Bank v. Bd. of Edn. (1977),52 Ohio St.2d 81, 369 N.E.2d 1200.
[3] State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364N.E.2d 1; State ex rel. Connole v. Cleveland Bd. Of Edn. (1993),87 Ohio App.3d 43, 621 N.E.2d 850.
[4] State ex rel. Bradford v. Trumbull Cty. Court, 64 Ohio St.3d 502,1992-Ohio-132, 597 N.E.2d 116; State ex rel. Brooks v. Gaul (Nov. 4, 1999), Cuyahoga App. No. 76937. *Page 1