[Cite as *France v. Celebrezze*, 2012-Ohio-6032.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99286

## JOHN P. FRANCE

RELATOR

vs.

## LESLIE P. CELEBREZZE, JUDGE

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Prohibition
Sua Sponte Order No. 461101

**RELEASE DATE:**   December 20, 2012

**FOR RELATOR**

John France, pro se
6368 West MacLaurin Drive
Tampa, Florida    33647


**ATTORNEY FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio      44113

SEAN C. GALLAGHER, J.:

**{¶1}** John P. France has filed a complaint for a writ of prohibition through which he seeks an order that prevents Judge Leslie Ann Celebrezze from conducting a contempt hearing on December 20, 2012, in the underlying action of *France v. France*, Cuyahoga D.R. No. DR-10-331762. For the following reasons, we sua sponte dismiss France's complaint for a writ of prohibition.

**{¶2}** In order for this court to issue a writ of prohibition, France is required to demonstrate each prong of the following three-part test: (1) Judge Celebrezze is about to exercise judicial power; (2) the exercise of judicial power by Judge Celebrezze is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie, if France has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

**{¶3}** Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within

its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Drake Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 273 (1940).

{¶4} Absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶5} In the case sub judice, we find that Judge Celebrezze possesses general subject matter jurisdiction to determine all domestic relations matters. Judge Celebrezze sits as an elected judge of the Domestic Relations Court of Cuyahoga County. R.C. 3105.011 provides in pertinent part that: "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." In addition, pursuant to R.C. 3105.21 and R.C. 3109.04, Judge Celebrezze possesses the basic statutory jurisdiction to

issue orders with regard to the allocation of parental rights and responsibilities for the care of the minor children of the marriage. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine it own jurisdiction, which prevents this court from issuing a writ of prohibition. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 688 N.E.2d 267; *State ex rel. Enyart v. O'Neil*, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110.

{¶6} Judge Celebrezze, as a judge of the Domestic Relations Court, possesses jurisdiction in contempt. R.C. 2705.01, et seq. and *State ex rel. Frazer v. Admr./Dir. Juvenile Court Detention Home*, 8th Dist. No. 69767, (Nov. 3, 1995). Finally, an appeal is an adequate remedy at law should France be found in contempt of court. *In re Epstein v. Flanagan*, 8th Dist. No. 82589 (Mar. 27, 2003).

{¶7} Accordingly, we sua sponte dismiss France's request for a writ of prohibition. France to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Complaint dismissed.

_____
SEAN C. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR