[Cite as *Johnson v. O'Donnell*, 2025-Ohio-2782.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STEPHEN-E: JOHNSON,              :

    Relator,              :

    v.              :

           No. 115397

DEANNA O'DONNELL,              :

    Respondent.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** August 5, 2025

---

Writ of Prohibition
Order No. 586817

---

***Appearances:***

Stephen-E: Johnson, *pro se.*

Scott Tuma, Chief Prosecutor and Law Director for City of Parma, *for respondent.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} On August 4, 2025 the relator, Stephen-E: Johnson, commenced this prohibition action against the respondent, Judge Deanna O'Donnell of the Parma Municipal Court, to prohibit the judge from proceeding to trial on August 6, 2025, in the underlying case, *State of Ohio/City of Parma v. Stephen Johnson,* Parma

Muni. Ct. Case No. 25TRD09671, in which he is charged with shortcutting through a parking lot, a minor misdemeanor. He argues that the judge's failure to rule on his pretrial motions, including a motion for discovery and a motion to suppress as well as objections to trial setting without mutual agreement must prevent the trial. For the following reasons, this court denies the application for a writ of prohibition, sua sponte.

{¶ 2} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417 (1941), paragraph three of the syllabus. Prohibition will not lie if the court has basic statutory jurisdiction and appeal is available. *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326 (1972) and *State ex rel. Pruitt v. Donnelly*, 2011-Ohio-1252 (8th Dist.). "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273 (1940). A party challenging the court's jurisdiction has an

adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127 (1973).

{¶ 3} In the present case, the municipal court and the respondent judge have basic statutory jurisdiction to hear misdemeanor cases pursuant to R.C. 1901.20. Johnson has not cited any authority that the failure to rule on pretrial motions before trial deprives the respondent of jurisdiction. An error, if any, by the failure to rule on a motion is remediable on appeal thus precluding a writ of prohibition.

{¶ 4} Accordingly, this court denies the application for a writ of prohibition, sua sponte. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ denied.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
LISA B. FORBES, J., CONCUR